IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICARDO T. LARIOS,
    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,
    Defendants.

3:14-cv-1572

(Judge Mariani)

FILED
SCRANTON
JUN 1 9 2015
PER _____
DEPUTY CLERK

## MEMORANDUM

### I. Background

On August 11, 2014, Plaintiff, Ricardo Larios, an inmate currently confined at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, ("FCI Schuylkill"), initiated the instant action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. (Doc. 1). The complaint names as Defendants the United States of America, the United States Department of Justice, and the Bureau of Prisons. (Id.).

In the complaint, Plaintiff states that when he was being transported to FCI Schuylkill, he was temporarily housed at the Metropolitan Detention Center, Brooklyn, New York, ("MDC Brooklyn"), and forced to sleep in a top-bunk, despite having a medical slip indicating that he is unable to sleep in a top-bunk due to epileptic seizures. (Id. at p. 6). Plaintiff alleges that, on July 27, 2012 while at MDC Brooklyn, he suffered a seizure, fell out of a top-bunk, and sustained injuries. (Id. at pp. 11, 22). He alleges that Defendants were reckless and negligent in assigning him to a top-bunk. (Id. at pp. 7, 22). Plaintiff further

alleges that Defendants failed to provide medical treatment and retaliated against him. (*Id.* at pp. 21-22; Doc. 1-1, p. 15).

Presently before the Court is Plaintiff's motion for leave to amend his complaint. (Doc. 21). Plaintiff "seeks to amend his FTCA Complaint in order to clarify and assert the claims and legal theories involved in this action." (*Id.* at p. 2). For the reasons set forth below, Plaintiff's motion for leave to amend will be granted.

## II. Discussion

The filing of an Amended Complaint is governed by Federal Rule of Civil Procedure 15(a):

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
>     (A) 21 days after serving it, or
>
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a). This Court's Local Rules require that a proposed amended pleading accompany a motion. *See* Local Rule 15.1(a).

The United States Court of Appeals for the Third Circuit has adopted a liberal

approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D. N.J. 1990).

Based on the procedural history of this case, Plaintiff may file an amended complaint as a matter of course. Plaintiff's original complaint was filed on August 11, 2014. (Doc. 1). On November 17, 2014, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 16). Thus, Plaintiff's amended pleading was due on or before December 8, 2014. On December 7, 2014, Plaintiff filed a motion for extension of time to

respond to Defendants' motion. (Doc. 19). By order dated December 17, 2014, Plaintiff was granted an extension of time until February 1, 2015 to file a brief in opposition to Defendants' motion. (Doc. 20). Rather than filing an opposition brief, Plaintiff timely filed a motion to amend his complaint accompanied by a proposed amended pleading for the Court's review. (Docs. 21, 23).

The proposed amended complaint is filed pursuant to the Federal Tort Claims Act and also sets forth *Bivens*[1] claims. (Doc. 23). Named as Defendants are the United States of America; Ellen Mace-Leibson, health services director at FCI Schuylkill; Michael Borecky, physician at MDC Brooklyn; Robert Beaudouin, physician at MDC Brooklyn; R. Newland, physician and health services director at FDC Brooklyn; Eva Piotrowska, registered nurse and infectious disease coordinator at FDC Brooklyn; L.T. Rarick, emergency medical technician at FCI Schuylkill; Jeremy Simonson, health services administrator at FCI Schuylkill; James Hepner, captain at FCI Schuylkill; and, David Steffan, physician assistant at FCI Schuylkill. (Doc. 23, pp. 4-5). Also named as Defendants are several John Doe correctional officers employed at MDC Brooklyn. (*Id.* at p. 5).

Plaintiff initially alleges that Defendants at MDC Brooklyn were negligent in assigning

---

[1] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

him to a top bunk. (Doc. 23, pp. 5-7). Plaintiff alleges that, while housed at MDC Brooklyn in July 2012, he suffered an epileptic seizure and fell out of a top bunk. (*Id.*). He further alleges that Defendants at MDC Brooklyn failed to provide adequate medical care for the injuries he sustained. (*Id.*).

Plaintiff next alleges that he was denied medical care while housed at FCI Schuylkill from August 2012 through October 2012. (*Id.* at pp. 7-8).

Plaintiff then sets forth claims of deliberate indifference against Defendants at MDC Brooklyn and FCI Schuylkill. (*Id.* at pp. 9-11). He claims that, in July 2012, John Doe Defendants at MDC Brooklyn were deliberately indifferent to his health and safety by placing him in a top bunk. (*Id.*). Plaintiff further alleges that, in August 2012, Defendants at FCI Schuylkill were deliberately indifferent to his medical needs by failing to provide him with a breathing machine and failing to treat his medical conditions. (*Id.*).

Lastly, Plaintiff sets forth a retaliation claim against Defendants at FCI Schuylkill regarding events that occurred in 2014. (*Id.* at pp. 11-15). Specifically, Plaintiff alleges that Defendants retaliated against him for filing an administrative tort claim. (*Id.*).

Upon review of the proposed pleading and, in light of Plaintiff's *pro se* status, the proposed amended complaint will be accepted as filed.

## III. Conclusion

Based on the foregoing, Plaintiff's motion for leave to file an amended complaint will

be granted and the action will proceed on the amended complaint as filed, (Doc. 23). The pending motion to dismiss or, in the alternative, for summary judgment will be dismissed without prejudice with the right to reinstate the motion as Defendants deem appropriate.

A separate order will issue.

Date: June 19, 2015

Robert D. Mariani
United States District Judge