**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICARDO T. LARIOS, | : | Civil No.: 3:14-cv-1572 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, *et al.,* | : | FILED |
| | : | SCRANTON |
| Defendants | : | JUN 1 2 2017 |

FILED
SCRANTON
JUN 1 2 2017
PER
DEPUTY CLERK

## MEMORANDUM

### I. Background

Plaintiff Ricardo Larios ("Larios"), an inmate formerly confined at the Metropolitan Detention Center, Brooklyn, New York, filed a *Bivens* and Federal Tort Claims Act ("FTCA") complaint on August 11, 2014. (Doc. 1). Larios subsequently filed an amended complaint (Doc. 27), wherein he named the following Defendants: the United States of America, Ellen Mace-Leibson, Michael Borecky, Robert Beaudouin, R. Newland, L.T. Rarick, Jeremy Simonson, David Steffan, and James Hepner. Larios alleged that Defendants were negligent in assigning him to a top bunk, failed to provide medical treatment for injuries he sustained when he fell from the top bunk, and retaliated against him for filing an administrative tort claim. (*Id.*). Previously by Memorandum and Order dated September 20, 2016, the Court granted Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and for summary judgment pursuant to Federal Rule of Civil Procedure 56, and closed the case. (Docs. 56, 57).

Presently before the Court is Larios's motion (Doc. 59) for reconsideration of this Court's September 20, 2016 Order. For the reasons set forth below, the motion for reconsideration will be denied.

## II. Motion for Reconsideration Standard of Review

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quineros*, 176 F.3d 669, 677 (3d Cir. 1999), *citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting*

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It

may not be used as a means to reargue unsuccessful theories, or argue new facts or issues

that were not presented to the court in the context of the matter previously decided.

*Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts

have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937,

943 (E.D. Pa. 1995).

## III. Discussion

In the instant motion for reconsideration, Larios states that he relied on the

assistance of a jailhouse lawyer when litigating this action. (Doc. 59). He claims that the

jailhouse lawyer provided inadequate assistance, posed as an attorney, and lied about

having a license to practice law. (*Id.*). Larios asserts that he relied on the "deficient" work

of the jailhouse lawyer, which ultimately resulted in dismissal of this action. (*Id.* at p. 5).

Larios further complains that the Bureau of Prisons ("BOP") did not inform him of this fellow

inmate's lie, and that the BOP failed to protect him from this "scam artist[]." (*Id.* at p. 1).

Larios attempts to blame the BOP for his "barren" response to Defendants' motion for

summary judgment. (*Id.* at p. 2).

Defendants argue that Larios' "mistake" of hiring a jailhouse attorney, and the "newly

discovered evidence" that this individual is a "scam artist," do not warrant reconsideration of

3

the Court's dismissal of this case. (Doc. 61, p. 4). The Court agrees. In order to maintain a proper motion for reconsideration, Larios must demonstrate reliance on one of three major grounds, including, "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice." *North River Ins. Co.*, 52 F.3d at 1218. Larios fails to rely on any of these three major grounds and, instead, simply disagrees with the Court's decision and questions the assistance he received from a fellow inmate while pursuing this lawsuit. The Court finds that Larios fails to demonstrate any circumstances necessary to warrant reconsideration of this Court's September 20, 2016 Order.

## IV. Conclusion

In the motion for reconsideration, Larios fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the Court came to its conclusions by way of some gross misunderstanding of the facts or law of this case. Consequently, Larios has failed to demonstrate a need to reconsider the September 20, 2016 Memorandum and Order. That Order is not troubled by manifest errors of law or fact and Larios has not presented anything new, which if previously presented, might have affected the decision. Accordingly, the motion for reconsideration will be denied.

An separate Order shall issue.

Date: June ____, 2017

Robert D. Mariani
United States District Judge